

FILED

1/23/2024    RC

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Timmy Jerome Kimp

Reg No. 49400-424

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

BONNIE NOWAKOWSKI, ET AL.,

_____

_____

_____

_____

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

Case No: __1:22-CV-01369__
(To be supplied by the Clerk of this Court)

**CHECK ONE ONLY:**　　　　　**AMENDED COMPLAINT**

_____　**COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
**U.S. Code** (state, county, or municipal defendants)

_____　**COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
**28 SECTION 1331 U.S. Code** (federal defendants)

_____　**OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR*
*FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**I.    Plaintiff(s):**

A.    Name: TIMMY JEROME KIMP _____

B.    List all aliases: _____

C.    Prisoner identification number: 49400-424 _____

D.    Place of present confinement: FCC-PETERSBURG (MEDIUM) _____

E.    Address: P.O. BOX 1000, PETERSBURG, VA 23804 _____

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

**II.    Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A.    Defendant: DR. BONNIE NOWAKOWSKI _____

       Title: DOCTOR _____

       Place of Employment: MCC-CHICAGO _____

B.    Defendant: CORRECTIONAL OFFICER HOWELL _____

       Title: CORRECTIONAL OFFICER _____

       Place of Employment: MCC-CHICAGO _____

C.    Defendant: _____

       Title: _____

       Place of Employment: _____

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III. **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: _ KIMP V. LANGHEIM _3:10-cv-3170_ ____

B. Approximate date of filing lawsuit: __July 26, 2011_____

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: __N/A_____

D. List all defendants: ___ SGT. LANGHEIM

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _ Central District of Illinois_____

F. Name of judge to whom case was assigned: ___Carol Baker_____

G. Basic claim made:__ SEXUAL MISCONDUCT AND ABUSE BY STAFF _

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _DISMISSED FOR FAILURE TO COMPLY WITH DISCOVERY

I. Approximate date of disposition: _ SEPTEMBER 18, 2012_____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

III. PREVIOUS LAWSUITS (CONTINUED)

A. NAME OF CASE AND DOCKET NUMBER:    KIMP v. CANNON

                                      14-cv-9727

B. APPROXIMATE DATE OF FILING LAWSUIT:    JULY 26, 2013

C. LIST ALL PLAINTIFFS (CO-PLAINTIFFS):  N / A

D. LIST ALL DEFENDANTS: SGT. CANNON

E. COURT IN WHICH THE LAWSUIT WAS FILED: NORTHERN DISTRICT
                                         OF ILLINOIS

F. NAME OF JUDGE TO WHOM CASE WAS ASSIGNED: Unknown

G. BASIC CLAIM MADE: ABUSE BY STAFF

H. DISPOSITION OF THIS CASE: DISMISSED FOR FAILURE TO PROSECUTE

I. APPROXIMATE DATE OF DISPOSITION: APRIL 21, 2015

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## IV.    Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

1. On or about April 2020, while Plaintiff was incarcerated at MCC-Chicago and assigned to the Environmental Safety Compliance Department work detail, Plaintiff requested Defendant Dr. Bonnie Nowakowski to issue him a lay-in from his work assignment due to the substantial risk of serious harm he faced from contracting the COVID-19 virus as a result of his underlying medical conditions (i.e., asthma dn type 2 diabetes).

2. Defendant Nowakowski, who was Plaintiff's chronic care provider while he was incarcerated at MCC-Chicago, proceeded to issue a temporary lay-in which would excuse Plaintiff from reporting to work for a few days, not to exceed one week. Plaintiff then clarified that he needed a long-term lay-in that would last until the spread of the COVID-19 virus was under control since without said lay-in, Plaintiff would be obligated to report to his hazardous work assignment, despite his increased-risk factors, or risk being subjected to disciplinary sanctions including, but not limited to, loss of privileges and good-conduct time credits. Similarly, Plaintiff could not simply "quit" his present work assignment or he would be risking the same disciplinary sanctions as he would for not reporting to work.

3. Defendant Nowakowski refused to issue a long-term lay-in, despite having full knowledge of Plaintiff's increased-risk factors and underlying medical conditions, stating that she couldn't do so since Plaintiff "wasn't sick yet."

4. Having no other alternative, Plaintiff reported back to Defendant Correctional Officer Howell, who was Plaintiff's work detail supervisor as the Environmental Safety Compliance Department Supervisor, in order to begin his work detail, upon the expiration of his temporary lay-in. Upon reporting to work, Plaintiff described to Defendant Howell why he had pursued a permanent lay-in and the why and how Plaintiff's underlying medical conditions placed Plaintiff at a greater risk of harm from COVID-19. Defendant Howell responded that because his lay-in

4

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

had expired, Plaintiff was to continue his work assignment, risk or no risk.

5.   Defendant Howell then proceeded to assign Plaintiff to arguably the most hazardous duties in his work detail, namely the cleaning and disinfection of of cells where inmates who had tested positive for COVID-19 were being housed and held in quarantine, specifically the Special Housing Unit ("SHU"). This was in addition to Plaintiff's normal work duties which included cleaing and sanitation for the facility as a whole (i.e., the medical infirmary, warden's office, doctor's office, and staff restrooms).

6.   Later that month, Defendant Howell informed Plaintiff that he was designated for transfer to a different facility and that before he was transferred, he needed to train the other inmate safety workers on how to use the chemicals and safety equipment utilized in Plaintiff's work detail. Plaintiff then spoke to Defendant Nowakowski and asked her if he had, in fact, been medically cleared for transfer. Defendant Nowakowski told Plaintiff that she would "let [Plaintiff] know." Not only did Defendant Nowakowski never do so, she failed to physically screen or even question Plaintiff as to whether he was exhibiting or experiencing any symptoms related to COVID-19, as required by Bureau of Prisons policy at the time, prior to Plaintiff's transfer to USP-Thompson.

7.   While Plaintiff was boarding the bus which was to transport him to USP-Thompson Plaintiff notified Lieutenant Burns from the transport team (and incidently the individual who would drive the bus itself) that he was not feeling well. Lieutenant Burns responded that Plaintiff had been medically cleared for transport by Defendant Nowakowski. Upon arriving at USP- Thompson, Plaintiff tested positive for COVID-19 and was placed in quarantine isolation. Plaintiff was periodically tested for COVID-19; finally, around June 2020, Plaintiff tested negative and was immediately transferred to USP-Marion.

8.   Upon arriving at USP-Marion, Dr Pass performed a "rapid test" on Plaintiff; Plaintiff again tested positive for COVID-19 and was sent to first a quarantine cell and then to the Suicide Isolation Medical Unit where there was little to no air ventilation nor any open windows.

9.   Plaintiff was housed in the Suicide Isolation Medical Unit for approximately thirty (30) days in extremely hot, unbearably humid, and inhumane conditions. Plaintiff suffered multiple asthma attacks on an almost daily basis, heat

5

IV.   STATEMENT OF CLAIM (CONTINUED)

exhaustion, and felt close to dying from his physical ailments. At one point, Plaintiff was able to ask an attending nurse (Mr. Hughs) and Lieutenant T. Shumer as to why he was being subjected to such horrendous conditions, and why he was being tested so frequently for the COVID-19 virus. The nurse promised to make some calls to inquire about Plaintiff's status and to relay the information.

10.  Approximately three (3) days later, Nurse Hughs informed Plaintiff that Plaintiff was being used as a study case based on the reports and recommedations from MCC-Chicago.

11.  To date, Plaintiff continues to suffer from the harms inflicted during his COVID-19 infection.

## L E G A L   C L A I M S

12.  Defendant Nowakowski was deliberately indifferent to Plaintiff's serious medical needs when she refused to issue a long-term lay-in or similar work restriction when she knew that he suffered from underlying medical conditions that increased his risk of significant harm if he were to contract the COVID-19 virus. Defendant Nowakowski's failure to act and her refusal to medically treat Plaintiff violated his rights under the Eighth Amendment to the United States Constitution and caused Plaintiff pain, suffering, physical injury, and emotional distress.

13.  Defendant Howell was likewise deliberately indifferent to Plaintiff's serious medical needs when she refused to accomodate or excuse Plaintiff from his hazardous work assignment and/or duties despite her knowledge that Plaintiff was at greater than average risk of significant harm if he were to contract the COVID-19 virus due to his underlying medical conditions. Defendant Howell's failure to act violated Plaintiff's  rights under the Eighth Amendment to the United States Constitution and

caused Plaintiff pain, suffering, physical injury, and emotional distress.

14.    Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which Plaintiff seeks.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## V.     Relief:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Plaintiff respectfully prays that this court enter judgment:

1. Granting Plaintiff a declaration that the acts and omissions described herein violate his rights under the Constitution and laws of the United States;

2. Granting Plaintiff compensatory damages in the amount of $500,000 against each defendant, jointly and severally;

3. Granting Plaintiff nominal and punitive damages in the amount of $500,000 against each defendant, jointly and severally; and

4. Granting Plaintiff recovery of his costs in this suit.

VI.     The plaintiff demands that the case be tried by a jury.     ☑ YES     ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this __1ST__ day of __November__, 20 __23__

_____

(Signature of plaintiff or plaintiffs)

TIMMY JEROME KIMP
(Print name)

49400-424
(I.D. Number)

FCC-PETERSBURG (MEDIUM)

P.O. BOX 1000, PETERSBURG, VA 23804
(Address)

Attachment E

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF  ILLINOIS
### EASTERN DIVISION

_Timmy Jerome Kimp_

_Your full name_

v.

_Bonnie Nowakowski, ET AL.,_

Civil Action No.: _1:22-cv-01369_

_Enter above the full name of defendant(s) in this action_

## Certificate of Service

I, _Timmy Jerome Kimp_ (your name here), appearing _pro se_, hereby certify that I have served the foregoing _Motion for Leave to file Amended Complaint ; Amended Complaint (Proposed)_ (title of document being sent) upon the defendant(s) by depositing true copies of the same in the United States mail, postage prepaid, upon the following counsel of record for the defendant(s) on _November 1, 2023_ (insert date here):

(List name and address of counsel for defendant(s))

_Bonnie Nowakowski_
_c/o Metropolitan Correctional Center - Chicago_
_71 West Von Buren Street_
_Chicago, IL 60621-1093_

_____
(sign your name)



Timmy Jerome Kimp
Register No. 44400-424
Federal Correctional Complex (Medium)
P.O. Box 1000
Petersburg, Virginia 23804-1000



11/07/2023-24

Attn: Clerk of Court

United States District Court

Northern District of Illinois

219 South Dearborn Street

Chicago, IL 60604

LEGAL
MAIL